IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LONEL HARDEMAN, JR., 1304645, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>RICHARD THALER, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>        Respondent. ) | No. 3:10-CV-0197-P |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On January 11, 2005, Petitioner was convicted of robbery and sentenced to thirty years confinement. *State of Texas v. Lonel Hardeman, Jr.*, No. F-0473170-T (283rd Jud. Dist. Ct., Dallas County, Tex., Jan. 11, 2005). On February 21, 2006, Petitioner's conviction and sentence were affirmed on direct appeal. *Hardeman v. State*, No. 05-05-00113-CR (Tex. App. – Dallas, Feb. 21, 2006, pet. ref'd). On May 17, 2006, the Texas Court of Criminal Appeals denied

Petitioner's petition for discretionary review. *Hardeman v. State*, PDR No. 368-06.

On January 29, 2007, Petitioner filed a state habeas petition. *Ex parte Hardeman*, No. 50,981-05. On November 5, 2008, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On January 28, 2010, Petitioner filed this federal petition for habeas relief. Petitioner argues:

    (1)    he received ineffective assistance of counsel when his counsel:

        (A)    had a conflict of interest;

        (B)    failed to file a motion to suppress the photo array;

        (C)    failed to investigate and prepare for trial;

        (D)    failed to call character witnesses during the punishment phase; and

    (2)    the evidence was insufficient to support the conviction.

On April 29, 2010, Respondent filed a motion to dismiss arguing that the petition is barred by limitations. On June 22, 2010, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214

(1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On May 17, 2006, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on August 16, 2006. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until August 16, 2007, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 29, 2007, Petitioner filed a state habeas petition. At the time he filed his petition, 166 days had elapsed on his limitations period. The state petition tolled the limitations period until November 5, 2008, when the Court of Criminal Appeals denied the petition. Petitioner then filed his federal petition one year and 3 months later, on January 28, 2010. The petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner has not shown that he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 15th day of February, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).